532 P.2d 503

**STATE of Arizona, Appellee,**

v.

**Donald McNeil DEMARBIEX, Appellant.**

No. 3045.

Supreme Court of Arizona,
In Banc.

March 6, 1975.

———◆———

N. Warner Lee, Atty. Gen., Phoenix, by R. Wayne Ford, Asst. Atty. Gen., for appellee.

Ross P. Lee, Maricopa County Public Defender, by John Foreman, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Donald McNeil Demarbiex appeals from his conviction for the sale of a narcotic drug, heroin, in violation of A.R.S. § 36–1002.02. He waived his right to trial by jury and the case was tried to the court who found the defendant guilty and sentenced him to confinement for a term of 20 to 30 years.

The sole issue raised by appellant is whether it was error for the trial judge to deny the defendant's motion for "Disclosure of Informant and/or Material Witness."

An undercover police officer received information from the informant which led to a $20 purchase of heroin by the officer from the defendant. The police agent was the only witness to testify at trial though the informant had witnessed the transaction. The defendant declined to take the stand.

One and a half months prior to trial, at the hearing on the motion to disclose, the prosecutor said that he had previously given defense counsel "everything that we have." This information, he stated, was included in a police department report and read to the defense attorney identifying the informant as Christy DeJuliau, a white male, approximately 20 years old who was last known to be living in Tempe, Arizona at an unknown address. The name of the informant had also been revealed to defense counsel, though misspelled, in the grand jury transcript as "Chris Dejulio."

Defense counsel attempts to give a broader meaning to the word "disclose" than simply the giving of the name of the informant. Indeed, the name of the informant was given to defense counsel at least once, one and a half months before trial. The thrust of counsel's argument is to seemingly require police to maintain contact with their informants, including an ongoing knowledge of their whereabouts so that it may be easier to produce them at trial.

There are no such requirements under the Arizona Rules of Criminal Procedure. Rule 15.1(b)(3) requires the prosecutor to inform the defendant "[w]hether or not the case has involved an informant, and, if so, his identity, if the defendant is entitled to know either or both of these facts under Rule 15.4(b)(2)."

442

The prosecutor evidently believed that the defendant was entitled to know the identity of the informant. The informant's name was given which satisfied the term "identity" as required by the rule. The prosecutor also furnished to the defense the information concerning the informant which was in the police report. There is no showing that the prosecution held back any information; nor does the defense seriously contend that such is the case. Unlike the situation in Eleazer v. Superior Court, 83 Cal.Rptr. 586, 464 P.2d 42 (1970) the informant was no longer employed by the police, so there was no control over him.

The record satisfies us that there was compliance with the rules concerning discovery; further, a review of the record fails to disclose any reversible error.

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.